File:
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

CENTRAL CONSTRUCTION MANAGEMENT LLC,

                                           Plaintiff,

-against-

HISCOX INSURANCE COMPANY INC.,

                                           Defendant.

Index No.: 719210/2023

Date purchased: 9/15/23

**SUMMONS**

To the Above-Named Defendant:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's undersigned attorneys, Haddad Associates PLLC, within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear, judgment will be taken against you by default for the relief demanded in the notice set forth below. Venue is based in the County of Queens based upon the residence of the Plaintiff.

    TAKE FURTHER NOTICE the nature of the action is for breach of contract and declaratory judgment, and that in case of your failure to appear, judgment will be taken against you by default for the money amounts and other relief stated in the Complaint, plus attorney fees, collection costs, plus pre-verdict and post-verdict interest, plus taxable costs and disbursements in this action.

- 1 -

Dated: Queens, New York
August 31, 2023

          HADDAD ASSOCIATES PLLC

          /s/ *James M. Haddad*
          James M. Haddad
          *Attorneys for Plaintiff*
          25-04 40th Avenue, Fl 2
          Long Island City, New York 11101
          (212) 246-0546
          Fax: (212) 937-2133

Summons1.doc

File:
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.: 719210/2023

**COMPLAINT**

CENTRAL CONSTRUCTION MANAGEMENT LLC,

Plaintiff,

-against-

HISCOX INSURANCE COMPANY INC.,

Defendant.

Plaintiff CENTRAL CONSTRUCTION MANAGEMENT LLC ("Central"), by and through undersigned counsel, as and for its Complaint against the above named defendant, hereby avers, upon information belief:

**PRELIMINARY ALLEGATIONS**

1. Plaintiff CENTRAL CONSTRUCTION MANAGEMENT LLC is a domestic New York State limited liability company formed and existing by virtue of the laws of the State of New York and having a principal office in the County of Queens.

2. Venue is based in the County of Queens based upon the residence of the Plaintiff.

3. Defendant HISCOX INSURANCE COMPANY INC. (A Stock Company), is an insurance company having an office at 104 South Michigan Avenue Suite 600, Chicago, IL 60603, (646) 452-2353.

4. Defendant Hiscox is assigned NAIC number 10200, is domiciled in the State of Illinois, and is authorized by the Department of Financial Services of the State of New York to do business in the State of New York as an insurer.

5. Hiscox has authorized the Superintendent of Insurance to accept service of

process on its behalf.

## FIRST CAUSE OF ACTION

6. All of the foregoing allegations are repeated and realleged.

7. Hiscox issued a certain policy of commercial general liability insurance, policy number MPL2266963.18, to first named insured, non-party, Defalco Construction, Inc. ("Defalco"), with offices at 25-27 23rd St, Suite C6, Astoria, NY 11102, effective from 9/4/2018 to 6/1/2019 ("Policy").

8. There is a certain underlying accident or claim involving one Jose Estevez ("Estevez" or "underlying plaintiff"), a direct or indirect employee of DeFalco, who claims to have had an accident on the job for DeFalco on April 22, 2019 ("Underlying Accident"), which is within the coverage period of the Policy.

9. The accident is alleged to have occurred on the premises of non-party Castle Village Owners Corp. ("Castle") at Cabrini Boulevard, New York, New York.

10. Estevez brought a lawsuit alleging negligence, breach of Labor Law §§240, 241(6) and 200 in the Supreme Court, New York County, under Index No. 156207/2019, against Castle and Central as defendants ("Underlying Lawsuit").

11. In that Underlying Lawsuit, Castle and Central brought a third-party action against DeFalco for common law and contractual indemnity, contribution and breach of contract.

12. Hiscox is defending DeFalco in that third-party action.

13. The Policy also covers Central and Castle as additional insureds for the Underlying Accident and Underlying Lawsuit, pursuant to the terms and conditions of that Policy.

- 2 -

14. The additional insureds are entitled to coverage to at least the same extent as the first named insured, if not more so.

15. Both Castle and Central have duly tendered their defense, indemnification and insurance coverage to Hiscox for coverage under the Policy for the Underlying Lawsuit, the Underlying Accident, and the claims of Jose Estevez.

16. Both Castle and Central have complied with all terms, conditions and duties of the Policy and are entitled to its full coverage with respect to the Underlying Accident and Underlying Lawsuit.

17. Hiscox has improperly, inexcusable and unjustifiably failed to assume the coverage, defense or indemnification of Castle or Central.

18. Hiscox has no defenses to such coverage.

19. If Hiscox had any valid policy-based defenses to coverage, Hiscox waived them by failing to timely and sufficiently assert such defenses in a valid denial of coverage to Castle and Central and any other interested or injured parties, in compliance with New York Insurance Law §3420(d).

20. Hiscox has breached is Policy and contract and its contractual duties to Castle and Central as its additional insureds.

21. As a result of the wrongful breach of contract of Hiscox in the wrongful denial of coverage to Castle, Central has incurred loss and damage since Central is an indemnitor of Castle.

22. As a result of the wrongful breach of contract of Hiscox in the wrongful denial of coverage to Central, Central has incurred loss and damage since Central has incurred and will

continue to incur out-of-pocket costs to defend itself.

23. As a result of the wrongful breach of contract of Hiscox in the wrongful denial of coverage to Central, Central's subrogors also have incurred loss and damage since the subrogors have incurred and will continue to incur out-of-pocket costs to defend Central and Castle.

24. All of this loss and damage is loss and damage directly and proximately caused by the breach of contract of Hiscox.

25. As a result of the foregoing, Hiscox is liable to Central and to Castle and its/their subrogors for money damages to be determined at trial.

## SECOND CAUSE OF ACTION

26. All of the foregoing allegations are repeated and realleged.

27. This matter is appropriate for declaratory relief under CPLR §3001.

28. Central will continue to suffer loss and/or damage from the breaches and actions and inactions of Hiscox with respect to its Policy and Central's rights thereunder.

29. The damages at this time are not fully determinate.

30. Central is entitled to have the Court declare and adjudge the rights, duties and liabilities of the Parties and third-party beneficiaries of the Policy.

31. Central should be declared to be an additional insured of Hiscox under the Policy with respect to the Estevez claims and Underlying Lawsuit, and declared to be entitled to full indemnification, defense and insurance coverage under that Policy for the aforementioned claim and suit.

32. Castle should be declared to be an additional insured of Hiscox under the Policy with respect to the Estevez claims and Underlying Lawsuit, and declared to be entitled to full

indemnification, defense and insurance coverage under that Policy for the aforementioned claim and suit.

33. Central does not have an adequate remedy at law.

**WHEREFORE**, the plaintiff CENTRAL CONSTRUCTION MANAGEMENT LLC respectfully requests that this Honorable Court grant judgment in favor of the plaintiff and against the Defendant:

1. On the first cause of action for money judgment in an amount to be determined at trial; and

2. On the second cause of action adjudging and declaring that CENTRAL CONSTRUCTION MANAGEMENT LLC and Castle Village Owners Corp. are additional insureds under policy number MPL2266963.18 issued by defendant Hiscox, with respect to the Underlying Accident and Underlying Lawsuit; and

3. Granting such other and further relief for the plaintiffs as this Court deems just and equitable.

Dated: Queens, New York
August 31, 2023

HADDAD ASSOCIATES PLLC

/s/ *James M. Haddad*
James M. Haddad
*Attorneys for Plaintiff*
25-04 40th Avenue, Fl 2
Long Island City, New York 11101
(212) 246-0546
Fax: (212) 937-2133

Complaint1.doc

File:
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

CENTRAL CONSTRUCTION MANAGEMENT LLC,

                                            Plaintiff,

-against-

HISCOX INSURANCE COMPANY INC.,

                                            Defendant.

Index No.: 719210/2023

Date purchased: 9/15/23

**SUMMONS**

To the Above-Named Defendant:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's undersigned attorneys, Haddad Associates PLLC, within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear, judgment will be taken against you by default for the relief demanded in the notice set forth below. Venue is based in the County of Queens based upon the residence of the Plaintiff.

    TAKE FURTHER NOTICE the nature of the action is for breach of contract and declaratory judgment, and that in case of your failure to appear, judgment will be taken against you by default for the money amounts and other relief stated in the Complaint, plus attorney fees, collection costs, plus pre-verdict and post-verdict interest, plus taxable costs and disbursements in this action.

Dated: Queens, New York
August 31, 2023

HADDAD ASSOCIATES PLLC

*/s/ James M. Haddad*
James M. Haddad
*Attorneys for Plaintiff*
25-04 40th Avenue, Fl 2
Long Island City, New York 11101
(212) 246-0546
Fax: (212) 937-2133

Summons1.doc

File:
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.: 719210/2023

CENTRAL CONSTRUCTION MANAGEMENT LLC,

Plaintiff,

-against-

HISCOX INSURANCE COMPANY INC.,

Defendant.

**COMPLAINT**

Plaintiff CENTRAL CONSTRUCTION MANAGEMENT LLC ("Central"), by and through undersigned counsel, as and for its Complaint against the above named defendant, hereby avers, upon information belief:

**PRELIMINARY ALLEGATIONS**

1. Plaintiff CENTRAL CONSTRUCTION MANAGEMENT LLC is a domestic New York State limited liability company formed and existing by virtue of the laws of the State of New York and having a principal office in the County of Queens.

2. Venue is based in the County of Queens based upon the residence of the Plaintiff.

3. Defendant HISCOX INSURANCE COMPANY INC. (A Stock Company), is an insurance company having an office at 104 South Michigan Avenue Suite 600, Chicago, IL 60603, (646) 452-2353.

4. Defendant Hiscox is assigned NAIC number 10200, is domiciled in the State of Illinois, and is authorized by the Department of Financial Services of the State of New York to do business in the State of New York as an insurer.

5. Hiscox has authorized the Superintendent of Insurance to accept service of

- 1 -

process on its behalf.

## FIRST CAUSE OF ACTION

6.   All of the foregoing allegations are repeated and realleged.

7.   Hiscox issued a certain policy of commercial general liability insurance, policy number MPL2266963.18, to first named insured, non-party, Defalco Construction, Inc. ("Defalco"), with offices at 25-27 23rd St, Suite C6, Astoria, NY 11102, effective from 9/4/2018 to 6/1/2019 ("Policy").

8.   There is a certain underlying accident or claim involving one Jose Estevez ("Estevez" or "underlying plaintiff"), a direct or indirect employee of DeFalco, who claims to have had an accident on the job for DeFalco on April 22, 2019 ("Underlying Accident"), which is within the coverage period of the Policy.

9.   The accident is alleged to have occurred on the premises of non-party Castle Village Owners Corp. ("Castle") at Cabrini Boulevard, New York, New York.

10.  Estevez brought a lawsuit alleging negligence, breach of Labor Law §§240, 241(6) and 200 in the Supreme Court, New York County, under Index No. 156207/2019, against Castle and Central as defendants ("Underlying Lawsuit").

11.  In that Underlying Lawsuit, Castle and Central brought a third-party action against DeFalco for common law and contractual indemnity, contribution and breach of contract.

12.  Hiscox is defending DeFalco in that third-party action.

13.  The Policy also covers Central and Castle as additional insureds for the Underlying Accident and Underlying Lawsuit, pursuant to the terms and conditions of that Policy.

14. The additional insureds are entitled to coverage to at least the same extent as the first named insured, if not more so.

15. Both Castle and Central have duly tendered their defense, indemnification and insurance coverage to Hiscox for coverage under the Policy for the Underlying Lawsuit, the Underlying Accident, and the claims of Jose Estevez.

16. Both Castle and Central have complied with all terms, conditions and duties of the Policy and are entitled to its full coverage with respect to the Underlying Accident and Underlying Lawsuit.

17. Hiscox has improperly, inexcusable and unjustifiably failed to assume the coverage, defense or indemnification of Castle or Central.

18. Hiscox has no defenses to such coverage.

19. If Hiscox had any valid policy-based defenses to coverage, Hiscox waived them by failing to timely and sufficiently assert such defenses in a valid denial of coverage to Castle and Central and any other interested or injured parties, in compliance with New York Insurance Law §3420(d).

20. Hiscox has breached is Policy and contract and its contractual duties to Castle and Central as its additional insureds.

21. As a result of the wrongful breach of contract of Hiscox in the wrongful denial of coverage to Castle, Central has incurred loss and damage since Central is an indemnitor of Castle.

22. As a result of the wrongful breach of contract of Hiscox in the wrongful denial of coverage to Central, Central has incurred loss and damage since Central has incurred and will

continue to incur out-of-pocket costs to defend itself.

23. As a result of the wrongful breach of contract of Hiscox in the wrongful denial of coverage to Central, Central's subrogors also have incurred loss and damage since the subrogors have incurred and will continue to incur out-of-pocket costs to defend Central and Castle.

24. All of this loss and damage is loss and damage directly and proximately caused by the breach of contract of Hiscox.

25. As a result of the foregoing, Hiscox is liable to Central and to Castle and its/their subrogors for money damages to be determined at trial.

## SECOND CAUSE OF ACTION

26. All of the foregoing allegations are repeated and realleged.

27. This matter is appropriate for declaratory relief under CPLR §3001.

28. Central will continue to suffer loss and/or damage from the breaches and actions and inactions of Hiscox with respect to its Policy and Central's rights thereunder.

29. The damages at this time are not fully determinate.

30. Central is entitled to have the Court declare and adjudge the rights, duties and liabilities of the Parties and third-party beneficiaries of the Policy.

31. Central should be declared to be an additional insured of Hiscox under the Policy with respect to the Estevez claims and Underlying Lawsuit, and declared to be entitled to full indemnification, defense and insurance coverage under that Policy for the aforementioned claim and suit.

32. Castle should be declared to be an additional insured of Hiscox under the Policy with respect to the Estevez claims and Underlying Lawsuit, and declared to be entitled to full

indemnification, defense and insurance coverage under that Policy for the aforementioned claim and suit.

33.  Central does not have an adequate remedy at law.

**WHEREFORE**, the plaintiff CENTRAL CONSTRUCTION MANAGEMENT LLC respectfully requests that this Honorable Court grant judgment in favor of the plaintiff and against the Defendant:

1.  On the first cause of action for money judgment in an amount to be determined at trial; and

2.  On the second cause of action adjudging and declaring that CENTRAL CONSTRUCTION MANAGEMENT LLC and Castle Village Owners Corp. are additional insureds under policy number MPL2266963.18 issued by defendant Hiscox, with respect to the Underlying Accident and Underlying Lawsuit; and

3.  Granting such other and further relief for the plaintiffs as this Court deems just and equitable.

Dated: Queens, New York
       August 31, 2023

HADDAD ASSOCIATES PLLC

*/s/ James M. Haddad*
James M. Haddad
*Attorneys for Plaintiff*
25-04 40th Avenue, Fl 2
Long Island City, New York 11101
(212) 246-0546
Fax: (212) 937-2133

Complaint1.doc